Filed 12/22/23  P. v. Pickard CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN RAY PICKARD,<br><br>    Defendant and Appellant. | B324268<br><br>Los Angeles County<br>Super. Ct. No. LA009272 |

        APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge. Affirmed.

        John A. Colucci, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 1992, the Los Angeles County District Attorney filed an amended information charging defendant and appellant Steven Ray Pickard with various offenses, including murder. (Pen Code,[1] § 187, subd. (a).) The amended information alleged the special circumstance that Pickard committed the murder while fleeing from having committed burglary. (§ 190.2, subd. (a)(17).) The jury convicted Pickard of evading a peace officer in a manner proximately causing serious bodily injury (Veh. Code, § 2800.3) and second degree commercial burglary (§ 459), but could not reach a verdict on the murder count and special circumstance allegation. The trial court declared a mistrial. Upon retrial, a jury convicted Pickard of first degree murder and found the special circumstance allegation true. The court sentenced Pickard to life without the possibility of parole.

In 2021, Pickard filed a petition for resentencing under former section 1170.95.[2] The trial court appointed counsel on Pickard's behalf. The prosecution filed a response to Pickard's petition, and Pickard's counsel filed a responsive brief arguing Pickard had made a prima facie showing of entitlement to relief.

---

1    All undesignated statutory references are to the Penal Code.

2    Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For the sake of simplicity, we will refer to the statute by its new code section. That section provides relief for certain individuals convicted of murder under the felony murder rule, natural and probable consequence doctrine, or any other theory of imputed-malice liability. (See § 1172.6.)

After hearing argument, the trial court denied Pickard relief, concluding although Pickard was convicted of murder under a felony murder theory, the record demonstrated as a matter of law he was the actual killer.

Pickard timely appealed, and we appointed counsel to represent him. On May 22, 2023, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216.

On July 17, 2023, Pickard filed a supplemental appellant's brief as a self-represented party. In his supplemental brief, Pickard admits: "Appellant was the driver of a vehicle which during a [p]olice pursuit from a traffic stop, struck another vehicle which crossed in front of [a]ppellant's vehicle, causing the vehicle to flip [ ] numerous times, striking and killing Ms. Reyna Martinez-Duarte, a[n] innocent bystander sitting on a [b]us [b]ench."

## DISCUSSION

Pickard's concession is dispositive. (See, e.g., *Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 48 ["A judicial admission is a party's unequivocal concession of the truth of a matter, and removes the matter as an issue in the case."].) Although section 1172.6 provides relief for certain individuals convicted under the felony murder rule, that relief does not extend to individuals who were the actual killer. (See § 189, subd. (e)(1) [actual killers still liable for felony murder under current law]; *People v. Lewis* (2021) 11 Cal.5th 952, 959 [section 1172.6 relief extends to convicted murderers who could not be convicted under current law, but does not extend to actual killers].) Because Pickard's concession that he was the actual killer

3

conclusively demonstrates as a matter of law he is ineligible for relief, we reject his various arguments that he is entitled to relief based on due process principles or recently-enacted changes to the felony murder rule under section 1172.6.

In addition to rejecting the arguments Pickard raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist in light of Pickard's concession that he was the actual killer. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order denying relief is affirmed.
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

ZUKIN, J.

4